UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X   Case No.:

JUDY SHAJAN,

                        Plaintiff,              **COMPLAINT**

      - against -

                                      **PLAINTIFF DEMANDS**
PNC CAPITAL MARKETS LLC,          **A TRIAL BY JURY**

                    Defendant.
-------------------------------------------------------------------X

Plaintiff, JUDY SHAJAN, by and through her attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of the Defendant, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action charging that the Defendant violated her rights under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"); and the New York City Human Rights Law, Administrative Code § 8-101 *et seq.* ("NYCHRL") seeking to recover lost wages, emotional distress, punitive damages, reasonable attorney's fees and costs, as a result of being Discriminated against on the basis of her actual and/or perceived disability of Bipolar Disorder and Attention-Deficit/Hyperactivity Disorder ("ADHD") and terminated from her position.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 42 U.S.C. §12101 *et. seq.*, and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over the claims of Plaintiff brought under state law pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b), as Defendants maintain and operate their businesses within the Southern District of New York, and the acts complained of occurred therein.

## PROCEDURAL PREREQUISITES

5. Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunities Commission ("EEOC").

6. Plaintiff received a Notice of Right to Sue from the EEOC, dated January 17, 2018, with respect to the herein charges of discrimination. A copy of the Notice is annexed hereto.

7. This Action is being commenced within 90 days of receipt of said Right to Sue.

## PARTIES

8. That at all times relevant hereto, Plaintiff JUDY SHAJAN ("SHAJAN") was a resident of the State of New York and County of the Kings. Plaintiff is diagnosed with Bipolar Disorder.

9. That at all times relevant hereto, Defendant PNC Capital Markets, LLC ("PNC") is a foreign limited liability company, with its principal place of business located at 340 Madison Avenue, New York, New York 10017.

10. That at all times relevant hereto, Plaintiff SHAJAN was a full-time employee of Defendant PNC.

## MATERIAL FACTS

11. On or about February 1, 2016, Plaintiff SHAJAN began working with Defendants as a "Capital Markets Assistant," earning approximately $60,000.00 annually, in addition to overtime pay and bonuses.

12. Throughout Plaintiff SHAJAN's tenure with Defendant, she was an exemplary employee

and always received compliments for her work performance and got along well with her co-workers.

13. On or around April 25, 2016, Plaintiff SHAJAN was hospitalized at Coney Island Hospital due to her Bipolar Disorder and ADHD and missed one day of work on or about April 26, 2016.

14. On or around April 27, 2016, Plaintiff SHAJAN returned to work and informed her supervisor, Mr. Abi Tobun, Defendants' Capital Markets Managing Director, that she is diagnosed with ADHD, which was the reason for her absence from work on April 26, 2016.

15. In or around early May 2016, Plaintiff SHAJAN received a call from Defendant to advise her that Defendant had opened a claim for a leave request. However, as Plaintiff returned to work after missing only one day of work the claim had been closed.

16. On or around May 11, 2016, Plaintiff SHAJAN was at work and feeling ill. She spoke with Mr. Tobun and informed him that she was feeling ill and went home. Upon her arrival at home, Plaintiff mother, Lisa Shajan, called 911. Plaintiff was taken to Coney Island Hospital via ambulance and was admitted into the Coney Island Hospital.

17. On or about May 12, 2016, Mr. Tobun sent a letter to Plaintiff's home stating "Your recent failure to report to work or contact me raises issues regarding your continued employment. You did not return to work on your scheduled workdays of May 12, 2016 and you did not report off ... Because you have failed to report to work as scheduled and to respond to my message(s), I must assume that you have chosen to resign from PNC. I will process the termination of your employment effective May 13, 2016. If you would like to discuss the circumstances that may have caused you to be unable to report to work as scheduled, you should contact the Employee Relations Information Center at 1-877-968-7762."

18. Upon receipt of this letter, Plaintiff's mother, Lisa Shajan, immediately contacted the Employee Relations Center and advised Defendant that Plaintiff SHAJAN was ill and admitted into Coney Island Hospital due to her Bipolar Disorder. Lisa Shajan was in communication with Tiana Escofil, Defendant PNC's Assistant Vice President of Employee Relations.

19. On or about May 24, 2016, Lisa Shajan forwarded to Ms. Escofil a letter from Coney Island Hospital. The letter stated that Plaintiff SHAJAN "is currently hospitalized at Coney Island Hospital and was admitted on 05/12/2016." Through her mother, Plaintiff SHAJAN requested a reasonable accommodation for her disability, namely, a medical leave of absence.

20. On or about mid-May 2016, Defendant PNC approved Plaintiff SHAJAN's request for a reasonable accommodation and approved a medical leave of absence. Plaintiff's leave was approved from May 12, 2016 through February 2, 2017.

21. Throughout May 12, 2016 through September 9, 2016, Plaintiff Shajan was hospitalized on three different occasions. Plaintiff was hospitalized at Coney Island Hospital, Interfaith Medical Center, and Gracie Square Hospital.

22. On or about September 23, 2016, Plaintiff SHAJAN started to receive outpatient care at Interfaith Medical Center's Partial Hospitalization Program ("PHP") until her discharge on November 4, 2016.

23. On or about October 31, 2016, Ms. Cres Ravanes, Interfaith's PHP Counselor, sent a letter to Ms. Escofil clearing Plaintiff SHAJAN to return to work on November 4, 2016.

24. On or about November 2, 2016, Plaintiff SHAJAN notified Defendant PNC of her ability to return to work. Plaintiff spoke with Ms. Escofil. At that time, Ms. Escofil informed

Plaintiff that Defendant would give her a 90-day period to obtain a new position with Defendant PNC instead of reinstating Plaintiff to her previous position.

25. Unfortunately, at the end of that 90-day period, despite applying to approximately thirteen (13) jobs within Defendant PNC Plaintiff SHAJAN was unable to secure new employment within Defendant PNC.

26. As such, on or about February 2, 2017, Ms. Escofil sent a letter to Plaintiff SHAJAN, which stated in pertinent part "It is [Defendant PNC] understanding that you have not been successful in locating a new position within [Defendant] PNC. Please be advised that the 90-day period has expired and we are terminating your employment effective February 3, 2017."

27. But for the fact of Plaintiff SHAJAN' disability, Defendants would not have terminated her employment.

28. Plaintiff SHAJAN felt offended, disturbed, and humiliated by the blatantly unlawful and discriminatory termination of her employment.

29. Plaintiff SHAJAN has been unlawfully discriminated against, humiliated, and degraded, and as a result, suffers loss of rights, emotional distress, loss of income and earnings.

30. Defendants' actions and conduct were intentional and intended to harm Plaintiff SHAJAN.

31. As a result of Defendants' actions, Plaintiff SHAJAN feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

32. As a result of the Defendants' discriminatory treatment of Plaintiff SHAJAN, she has suffered severe emotional distress and physical ailments.

33. As a result of the acts and conduct complained of herein, Plaintiff SHAJAN has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and

other compensation which such employment entails, and Plaintiff SHAJAN has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

34. As a result of the above, Plaintiff SHAJAN has been damaged in an amount in excess of the jurisdiction of the Court.

35. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff SHAJAN demands Punitive Damages against all Defendants, jointly and severally.

### AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT (Not Against Individual Defendant)

36. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

37. Plaintiff claims Defendant violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

38. Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter I, Section 12112, Discrimination [Section 102] states: "(a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

39. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his disability.

40. As such, Plaintiff has been damaged as set forth herein.

## AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

41. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

42. New York City Administrative Code §8-107(1) provides that "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, *disability*, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

43. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of her disability.

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

44. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

45. The New York City Administrative Code §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

46. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

## AS AN FOURTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

47. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

48. New York City Administrative Code §8-107(13) Employer liability for discriminatory conduct by employee, agent or independent contractor.

    a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

    b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

        1. the employee or agent exercised managerial or supervisory responsibility; or

        2. the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

        3. the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

    c. An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such

employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

49.  Defendants violated the section cited herein as set forth.

## JURY DEMAND

50.  Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A.  Declaring that Defendant engaged in unlawful employment practices prohibited by the Americans with Disabilities Act, and the New York City Administrative Code, §8-107 *et. seq.*, in that Defendants discriminated against Plaintiff on the basis of her disability, and then unlawfully terminated her employment due to her disability;

B.  Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

C.  Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

D.  Awarding Plaintiff punitive damages;

E.  Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action;

F.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: New York, New York
      February 9, 2018

                                    **PHILLIPS & ASSOCIATES,**
                                    **ATTORNEYS AT LAW, PLLC**

By:    _____
           Jessenia Maldonado, Esq.
           *Attorneys for Plaintiff*
           45 Broadway, Suite 620
           New York, New York 10006
           (212) 248-7431
           jmaldonado@tpglaws.com

| EEOC Form 161 (11/16) | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | |
|---|---|---|
| | **DISMISSAL AND NOTICE OF RIGHTS** | |

| To: | Judy Shajan<br>3310 Shore Parkway<br>Brooklyn, NY 11235 | RECEIVED<br>JAN 1 9 2018<br>BY: KG | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|---|

[ ]  On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2017-03005 | Holly M. Shabazz,<br>State & Local Program Manager | (212) 336-3643 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X] Other (briefly state)    Charging Party wishes to pursue matter in Federal District Court.

- **NOTICE OF SUIT RIGHTS** -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>**WITHIN 90 DAYS**</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

_____    January 17, 2018
Kevin J. Berry,                     (Date Mailed)
District Director

Enclosures(s)

cc:
Attn: Director of Human Resources          Jessenia Maldonado, Esq.
PNC CAPITAL MARKETS LLC                    Phillips & Associates, Attorneys at Law, PLLC
340 Madison Avenue                          45 Broadway, Suite 620
New York, NY 10017                          New York, NY 10006